**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

KATELYN EBNER, PRINCESS            )
MBAMARA, AYOKUNLE                  )
ORIYOMI and BRITTANY               )
PENWELL,                           )
                                   )
    Plaintiffs,                )        CIVIL ACTION NO.
                                   )        1:17-cv-03722-WSD
v.                                 )
                                   )
COBB COUNTY, through its           )
instrumentality the COBB COUNTY    )
POLICE DEPARMTENT; and             )
OFFICER TRACY CARROLL a.k.a.       )
"T.T." CARROLL, in his individual  )
capacity,                          )
                                   )
    Defendants.                )
_____    )

**DEFENDANTS' ANSWER TO
FIRST AMENDED COMPLAINT**

COME NOW Defendants' Cobb County, Georgia and Officer Tracy Carroll

and Answer Plaintiffs' First Amended Complaint as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim against the Defendants upon which relief

can be granted.

1

## SECOND DEFENSE

Plaintiffs' claims against Defendant Carroll in his individual capacity are barred by the doctrine of qualified immunity.

## THIRD DEFENSE

Plaintiffs' state law claims are barred by the doctrines of sovereign and official immunity.

## FOURTH DEFENSE

Defendant Cobb County may not be held liable under the theory of *respondeat superior* for actions of servant employees.

## FIFTH DEFENSE

Some or all of Plaintiffs' claims for damages, if any, were caused by acts and/or by the failure to act of persons and/or entities other than Defendants.

## SIXTH DEFENSE

To the extent that Plaintiffs seek punitive damages, such damages are barred or limited in accordance with federal and/or state law. Moreover, the alleged acts and omissions of Defendants fail to rise to the level required to sustain an award of punitive damages, and in any event do not approach wanton or willful misconduct.

**SEVENTH DEFENSE**

Defendants deny that Plaintiffs were subjected to the deprivation of any rights or privileges secured by the Constitution or by federal or state laws.

**EIGHTH DEFENSE**

Defendants deny any breach, by any act or omission to act, of any duty owed to Plaintiff.

**NINTH DEFENSE**

Defendants respond to the statements and individually numbered paragraphs of the Complaint as follows:

**<u>NATURE OF THE CASE</u>**

1.

**ALLEGATION**:  This case seeks to vindicate the Fourth Amendment rights of three innocent Georgians-Katelyn Ebner, Princess Mbamara, Ayokunle Oriyomi, and Brittany Penwell-all of whom were falsely arrested, forced to have their blood drawn, and trapped in a jail cell for hours, simply because a police officer had a hunch, based on deeply flawed drug-recognition training, that they might have been smoking marijuana.  At no point did the police officer seek to obtain a warrant or suggest that they were endangering public safety.  None of the Plaintiffs were under the influence of marijuana, and all tested negative for any cannabinoid metabolites.

Nevertheless, the Plaintiffs were arrested and charged with driving under the influence of drugs.  Ultimately, all driving under the influence charges against all Plaintiffs were dropped.

**ANSWER:** Plaintiffs' preliminary statement is an assertion of their belief of the nature of the case to which it appears no response is required.  To the extent that a response is required, Defendants deny violating any of Plaintiffs' state or federal constitutional rights.   Defendants note there are four Plaintiffs, not three.

2.

**ALLEGATION**: All three Plaintiffs now have public arrest records that they will have to explain to schools, landlords, and employers for the rest of their lives.

**ANSWER:** Plaintiffs' preliminary statement is an assertion of their belief of the nature of the case to which it appears no response is required.  To the extent that a response is required, Defendants are without sufficient information at this time to admit or deny the allegations contained in Paragraph 2 regarding the existence of arrest records and what Plaintiffs will have to explain.  Further, Defendants deny violating any of Plaintiffs' state or federal constitutional rights.   Defendants note there are four Plaintiffs, not three.

3.

**ALLEGATION**:   This action seeks to enforce Plaintiffs' Fourth Amendment rights against unlawful seizures pursuant to 42 § U.S.C. 1983, in which they seek normal, compensatory, and punitive damages.

**ANSWER:** Plaintiffs' preliminary statement is an assertion of their belief of the nature of the case to which it appears no response is required.  To the extent that a response is required, Defendants state that the statute referred to in this paragraph speaks for itself.  Responding further, Defendants deny violating any of Plaintiffs' state or federal constitutional rights.

## JURISDICITON AND VENUE

4.

**ALLEGATION**:   This is a civil and constitutional rights action arising under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.  This Court has Jurisdiction under 28 U.S.C §§ 1331 AND 1343.

**ANSWER:** Defendants admit that the Court has general jurisdiction; the Statutes referred to in this Paragraph speak for themselves.

5.

**ALLEGATION:** Venue in this Court is proper under 28 U.S.C. § 1391 because the events giving rise to Plaintiffs' claims arose in this district and division.

Defendants Cobb County Police Department is located within this district and division.

**ANSWER:** Defendants admit that Defendants are subject to the jurisdiction of the Court.  The Statute referred to in this Paragraph speaks for itself.

## **PARTIES**

6.

**ALLEGATION:** Plaintiff Katelyn Ebner is 25 years old, was raised in Kennesaw, Georgia, and received her certification from the International School of Skin, Nailcare and Massage Therapy in 2014.  She currently works as a waitress at a restaurant where she is often required to work late at night and in back-to-back shifts.  She had no arrest record prior to the events at issue in this case.

**ANSWER:** Defendants are without sufficient information at this time to admit or deny the allegations contained in Paragraph 6 regarding Plaintiff's status, and, therefore deny said allegations.

7.

**ALLEGATION:**  Plaintiff Princess Mbamara is 27 years old and is currently a student and biology major at Atlanta Metropolitan State College. She was born in Lagos, Nigeria and immigrated to the United States with her family in 1997 at the

age of 7, and is applying to become a United States citizen. She is planning to attend medical school.

**ANSWER:** Defendants are without sufficient information at this time to admit or deny the allegations contained in Paragraph 7 regarding Plaintiff's status, and, therefore deny said allegations.

8.

**ALLEGATION:** Plaintiff Ayokunle Oriyomi is 21 years old and was under the age of 21 at the time of the incident. He was born and raised in the town of Powder Springs in Cobb County, Georgia, and is currently a student and an accounting major at Auburn University. He frequently returns home to Powder Springs to visit his family and friends. He had no arrest record prior to the events at issue in this case.

**ANSWER:** Defendants are without sufficient information at this time to admit or deny the allegations contained in Paragraph 8 regarding Plaintiff's status, and, therefore deny said allegations.

9.

**ALLEGATION:** Plaintiff Brittany Penwell is 21 years old and was under the age of 21 at the time of the incident. She was born and raised in the town of Blue Ridge, Georgia, and is currently a stay-at-home mom in Ducktown, Tennessee. She

used to visit family in Austell, Georgia on a regular basis, but has not returned to Cobb County after the events of this Complaint.

**ANSWER:** Defendants are without sufficient information at this time to admit or deny the allegations contained in Paragraph 9 regarding Plaintiff's status, and, therefore deny said allegations.

10.

**ALLEGATION:** Defendant Cobb County Police Officer and so-called Drug Recognition Expert (hereinafter "DRE") Tracy "T.T." Carroll is sued in his individual capacity. At all times relevant to the Complaint, Carroll acted under the color of law.  The supervisors in his chain of command during the relevant time period were Gregory Lane Johnson, then-Lieutenant Greg Abbott, Major R.C. Sampson, Deputy Chief Ronnie Price, and then-Chief John Houser.  Plaintiffs reserve the right to substitute and/or join additional Defendants as new information arises concerning Defendant Carroll's supervision.

**ANSWER:** Defendants admit that Defendant Carroll was at all times relevant an officer with the Cobb County Police Department and that Defendant Carroll acted within the scope of his employment during the incident at issue.  Defendants admit to the supervisors in his chain of command as stated except that "Ronnie Price" is

Ronnie Prince.  Plaintiffs may amended the complaint pursuant to Federal Rules. Defendants deny all other allegations in Paragraph 10.

11.

**ALLEGATION:**  Defendant Cobb County is a Georgia municipality subject to suit.  The Cobb County Police Department is an instrumentality of Cobb County.

**ANSWER:**  Defendants deny that Cobb County is a Georgia municipality as stated in Paragraph 11.

## **FACTUAL ALLEGATIONS**

### **Katelyn Ebner**

12.

**ALLEGATION:**  On April 7, 2016, at around 11 p.m., Defendant Carroll stopped Ebner in Kennesaw, Georgia for failing to maintain lane because he allegedly noticed that she was not in her lane as she made a left turn at an intersection, on account of her navigating a curve.

**ANSWER:** Defendants admit Defendant Officer Carroll stopped Plaintiff Ebner based on probable cause for a traffic offense. Defendants deny all other allegations in Paragraph 12.

9

13.

**ALLEGATION:**  After pulling Ebner over, Defendant Carroll proceeded to subject Ebner to a humiliating field sobriety test based on his alleged observation that she had watery eyes late at night.  He did not smell marijuana, notice any marijuana paraphernalia, and had no other reason to disbelieve Ebner when she told him that she had never smoked marijuana and that her eyes were watery due to the exposure to cleaning fluids from her work shift.  At no time did Ebner present a threat to public safety.

**ANSWER:** Defendants deny the allegations contained in Paragraph 13.

14.

**ALLEGATION:** Defendant Carroll did not perform the 12-Step DRE Protocol that was ostensibly created for the purpose of detecting whether someone has been driving under the influence of drugs.  Instead, he performed a watered-down version of the test and arrested Ebner for driving under the influence of drugs.

**ANSWER:** Defendants deny the allegations contained in Paragraph 14.

15.

**ALLEGATION:**  After placing Ebner under arrest, Defendant Carroll told Ebner that "Georgia law requires you to submit to state administered chemical tests of your blood, breath, urine, or other bodily substances for the purpose of

determining if you are under the influence of alcohol or drugs," and that her refusal would result in the suspension of her driver's license for at least one year.  Both during and after her arrest, Ebner was confused, intimidated, and distressed.  It was unclear to Ebner whether she was being arrested for a crime, she knew she had done nothing wrong, and she reasonably felt she had no choice but to agree to an invasive blood draw in the hopes that she could be set free right away and be done with this ordeal.

**ANSWER:** Defendants admit to providing the appropriate implied consent notice to Plaintiff. Defendants are without sufficient knowledge to admit or deny the remaining allegations in Paragraph 15 regarding Plaintiff's thoughts and, therefore, deny said allegations.

16.

**ALLEGATION:** Afterwards, Ebner was taken to the police station. Although DRE Protocol requires that a drug evaluation be done in a closed and controlled environment, Defendant Carroll did not perform any DRE evaluation on Ebner once she was taken to the police station.

**ANSWER:** Defendants deny the allegations contained in Paragraph 16.

11

17.

**ALLEGATION:**  Ebner was held in jail all night for about 10 hours and was not released until the morning.

**ANSWER:** Defendants admit that Plaintiff Ebner was incarcerated. Defendants deny all other allegations in Paragraph 17.

18.

**ALLEGATION:**  At no point did Officer Carroll obtain a warrant or attempt to obtain one.

**ANSWER:** Defendants admit the allegations contained in Paragraph 18 as Georgia law does not require one.

19.

**ALLEGATION:** Ebner's blood draw results returned negative for marijuana.

**ANSWER:** Defendants admit the GBI crime lab report showed negative results.

20.

**ALLEGATION:** Four months later, the prosecutor filed a dismissal of Ebner's DUI-drug charge.

**ANSWER:** Defendants admit the prosecutor filed a nolle prosequi as a result of plea negotiations.

### Princess Mbamara

21.

**ALLEGATION:** On March 25, 2016, at around 11 p.m., Defendant Carroll stopped Plaintiff Princess Mbamara in Mabelton, Georgia, a town in Cobb County, for failing to maintain her lane because he allegedly noticed that she was not in her lane when she merged onto a different roadway.

**ANSWER:** Defendants admit Defendant Officer Carroll stopped Plaintiff Mbamara based on probable cause for a traffic offense. Defendants deny all other allegations in Paragraph 21.

22.

**ALLEGATION:** After pulling Mbamara over, Defendant Carroll proceeded to subject Mbamara to a humiliating field sobriety test based on his alleged observation that she had bloodshot eyes late at night. He did not smell marijuana, notice any marijuana paraphernalia, and had no other reason to disbelieve Mbamara when she told him that she was lost and looking for directions. At no time did Mbamara present a threat to public safety.

**ANSWER:** Defendants deny the allegations contained in Paragraph 22.

13

23.

**ALLEGATION:** Defendant Carroll did not perform the 12-Step DRE Protocol that was ostensibly created for the purpose of detecting whether someone has been driving under the influence of drugs.  Instead, he performed a watered-down version of the test and arrested Mbamara for driving under the influence of drugs.

**ANSWER:** Defendants deny the allegations contained in Paragraph 23.

24.

**ALLEGATION:** After placing Mbamara under arrest, Defendant Carroll told Mbamara that "Georgia law requires you to submit to state administered chemical tests of your blood, breath, urine, or other bodily substances for the purpose of determining if you are under the influence of alcohol or drugs," and that her refusal would result in the suspension of her driver's license for at least one year. Both during and after her arrest, Mbamara was confused, intimidated, and distressed. It was unclear to Mbamara whether she was being arrested for a crime, she knew she had done nothing wrong, and she reasonably felt she had no choice but to agree to an invasive blood draw in the hopes that she could be set free right away and be done with this ordeal.

**ANSWER:** Defendants admit to providing the appropriate implied consent notice to Plaintiff.  Defendants are without sufficient knowledge to admit or deny the remaining allegations in Paragraph 24 regarding Plaintiff's thoughts and, therefore, deny said allegations.

25.

**ALLEGATION:** Afterwards, Mbamara was taken to the police station. Although the DRE Protocol requires that a drug evaluation be done in a closed and controlled environment, Defendant Carroll did not perform any DRE evaluation on Mbamara once she was taken to the police station.

**ANSWER:** Defendants deny the allegations contained in Paragraph 25.

26.

**ALLEGATION:** Mbamara was held in jail all night for over 12 hours.

**ANSWER:** Defendants admit that Plaintiff Mbamara was incarcerated. Defendants deny all other allegations in Paragraph 26.

27.

**ALLEGATION:** At no point did Officer Carroll obtain a warrant or attempt to obtain one.

**ANSWER:** Defendants admit the allegations contained in Paragraph 27 as Georgia law does not require one.

15

28.

**ALLEGATION:**   Mbamara's blood draw results returned negative for marijuana.

**ANSWER:** Defendants admit the GBI crime lab report showed negative results.

29.

**ALLEGATION:**  Five months later, the prosecutor filed a dismissal of the DUI-drug charge.

**ANSWER:**   Defendants admit the prosecutor filed a nolle prosequi as probable cause existed, but the prosecutor did not believe the state could prove guilt beyond a reasonable doubt.

## **Ayokunle Oriyomi**

30.

**ALLEGATION:**  On June 12, 2016, at around midnight, Plaintiff Ayokunle Oriyomi was stopped in Kennesaw, Georgia, a city in Cobb County, by officer Gregory Lane Johnson for failing to maintain his lane because Oriyomi's car allegedly drifted out of its lane, touched the white line, and then returned back into his lane. Johnson called Carroll to the scene because Carroll was a certified DRE and Johnson suspected Oriyomi of driving while impaired by marijuana.

**ANSWER:** Defendants admit Officer Johnson stopped Plaintiff Oriyomi based on probable cause for a traffic offense and that he called Defendant Officer Carroll to the scene to assist in the investigation. Defendants deny all other allegations in Paragraph 30.

31.

**ALLEGATION:**   Defendant Carroll did not perform the 12-Step DRE Protocol that was ostensibly created for the purpose of detecting whether someone has been driving under the influence of drugs. Instead, he performed a watered-down version of the test and arrested Oriyomi for driving under the influence of drugs. At no time did Oriyomi present a threat to public safety.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 31.

32.

**ALLEGATION:**  After placing Oriyomi under arrest, Defendant Carroll told Oriyomi that "Georgia law requires you to submit to state administered chemical tests of your blood, breath, urine, or other bodily substances for the purpose of determining if you are under the influence of alcohol or drugs," and that his refusal would result in the suspension of his driver's license for at least one year. Both during and after his arrest, Oriyomi was confused, intimidated, and distressed because he knew that he was innocent and reasonably felt he had no choice but to

agree to an invasive blood draw in the hopes that he could be set free right away and be done with this ordeal.

**ANSWER:**  Defendants admit to providing the appropriate implied consent notice to Plaintiff. Defendants are without sufficient knowledge to admit or deny the remaining allegations in Paragraph 32 regarding Plaintiff's thoughts and, therefore, deny said allegations.

33.

**ALLEGATION:**   Afterwards, Oriyomi was taken to the police station. Although the DRE Protocol requires that a drug evaluation be done in a closed and controlled environment, Defendant Carroll did not perform any DRE evaluation on Oriyomi once he was taken to the police station.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 33.

34.

**ALLEGATION:**  Oriyomi was held in jail all night for about 9 hours, and was not released until the morning.

**ANSWER:** Defendants admit that Oriyomi was incarcerated. Defendants deny all other allegations in Paragraph 34.

35.

**ALLEGATION:**  At no point did Officer Carroll obtain a warrant or attempt

18

to obtain one.

**ANSWER:** Defendants admit the allegations contained in Paragraph 35 as Georgia law does not require one.

36.

**ALLEGATION:**  Oriyomi's blood draw results returned negative for marijuana.

**ANSWER:**  Defendants admit the GBI crime lab report showed negative results.

37.

**ALLEGATION:**  The prosecutor eventually filed a dismissal of the DUI-drug charge.

**ANSWER:** Defendants admit the prosecutor filed a nolle prosequi for two of the three charges as the prosecutor did not believe the state could prove guilt beyond a reasonable doubt for those charges.

## **Brittany Penwell**

38.

**ALLEGATION:**  On March 12, 2016, at around 10:30 at night, Plaintiff Brittany Penwell was stopped in Austell, Georgia, a town in Cobb County, by Defendant Carroll for failing to maintain her lane because she allegedly did not drive

19

in a straight line on the roadway.

**ANSWER:**  Defendants admit Defendant Officer Carroll stopped Plaintiff Penwell for probable cause. Defendants deny all other allegations in Paragraph 38.

39.

**ALLEGATION:**  After pulling Penwell over, Defendant Carroll proceeded to subject Penwell to a humiliating field sobriety test based on his alleged observation that she had bloodshot eyes late at night. He did not smell marijuana, notice any marijuana paraphernalia, and had no other reason to disbelieve Penwell when she told him that she had never smoked marijuana and that she was just driving back home to Tennessee. At no time did Penwell present a threat to public safety.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 39.

40.

**ALLEGATION:**  Defendant Carroll did not perform the 12-Step DRE Protocol that was ostensibly created for the purpose of detecting whether someone has been driving under the influence of drugs.  Instead, he performed a watered-down version of the test and arrested Penwell for driving under the influence of drugs.

**ANSWER:** Defendants deny the allegations contained in Paragraph 40.

20

41.

**ALLEGATION:**  Both during and after her arrest, Penwell was confused, intimidated, and distressed. It was unclear to Penwell whether she was being arrested for a crime, she knew she had done nothing wrong, and she reasonably felt she had no choice but to agree to an invasive blood draw in the hopes that she could be set free right away and be done with this ordeal.

**ANSWER:**  Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 41 regarding Plaintiff's thoughts and, therefore, deny said allegations.

42.

**ALLEGATION:**  Afterwards, Penwell was taken to a facility for a blood draw and then to the police station. Although the DRE Protocol requires that a drug evaluation be done in a closed and controlled environment, no one performed any DRE evaluation on Penwell either at the facility or the police station.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 42.

43.

**ALLEGATION:**  Penwell was held in jail all night and into the next day, and was not released until 11 p.m. the next day—over 24 hours after she was stopped on the road.

**ANSWER:**   Defendants admit that Penwell was incarcerated. Defendants deny all other allegations in Paragraph 43.

43.

**ALLEGATION:**  At no point did Officer Carroll obtain a warrant or attempt to obtain one.

**ANSWER:**  Defendants admit the allegations contained in Paragraph 44 as Georgia law does not require one.

45.

**ALLEGATION:**   Penwell's blood draw results returned negative for marijuana.

**ANSWER:**   Defendants admit the GBI crime lab report showed negative results.

46.

**ALLEGATION:**  Eventually, the prosecutor filed a dismissal of the DUI-drug charge.

**ANSWER:**  Defendants admit a nolle prosequi was filed as the prosecutor did not desire to prosecute.

47.

**ALLEGATION:**  Defendant Carroll was never reprimanded or disciplined

22

for failing to follow DRE Protocol or for making these arrests.

**ANSWER:**  As the above arrests were based on probable cause, Defendants admit Defendant Officer Carroll was not reprimanded or disciplined for these incidents.  Defendants deny all other allegations in Paragraph 47.

48.

**ALLEGATION:**  Defendant Carroll's pattern and practice of enforcing DUI-drug infractions was to arrest an individual based on nothing more than a hunch, which would be invariably ratified by the results of an ad hoc smattering of tests he administered which were divorced from any rigorous methodology and were without the foundational underpinning necessary to amount to legal justification to arrest.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 48.

49.

**ALLEGATION:**   Defendant Carroll's pattern and practice was to deviate from the standard battery of tests set forth in the DRE Protocol—which themselves have never been validated or vetted as a means to reliably detect impairment from marijuana or any other kind of drug.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 49.

50.

**ALLEGATION:**   Gregory Lane Johnson, then-Lieutenant Greg Abbott, Major R.C. Sampson, Deputy Chief Ronnie Price, and then-Chief of Police John Houser were aware and supportive of Defendant Carroll's deviation from the standard DRE Protocol.

**ANSWER:**  Defendants admit they were aware of Officer Carroll's training and procedures used to identify less safe drivers. Defendants deny all other allegations contained in Paragraph 50.

51.

**ALLEGATION:**   After Plaintiff Ebner was arrested for purportedly being under the influence of marijuana, she filed a complaint with the Cobb County Police Department about the incident. After review by Gregory Lane Johnson, then-Lieutenant Greg Abbott, Major R.C. Sampson, and Deputy Chief Ronnie Price, Ebner's complaint was dismissed as meritless.

**ANSWER:**  Defendants admit an internal investigation was conducted as a result of Ebner's complaint and the results of the investigation speak for itself. Defendants deny all other allegations contained in Paragraph 51.

52.

**ALLEGATION:**   The dismissal of Plaintiff Ebner's complaint, and the

written justification therefor, constitute a ratification of Defendant Carroll's actions and the reasoning behind his actions. For example, the written report justifying the exoneration of Plaintiff Ebner's complaint against Defendant Carroll found that, based on Defendant Carroll's DRE experience, "there was more than enough probable cause to arrest."

**ANSWER:** Defendants admit an internal investigation was conducted as a result of Ebner's complaint and the result of the investigation speaks for itself. Defendants deny all other allegations contained in Paragraph 52.

53.

**ALLEGATION:** The dismissal of Plaintiff Ebner's complaint, and the written justification therefor, also constitute evidence of an existing policy and practice of DUI-drugs arrests made without legal justification and a misplaced reliance on so- called Drug Recognition Experts, even when they do not follow any of the protocol upon which their supposed expertise is founded.

**ANSWER:** Defendants deny all allegations in Paragraph 53.

54.

**ALLEGATION:** The report, which was authored by Gregory Lane Johnson, and signed by then-Lieutenant Greg Abbott, Major R.C. Sampson, and Deputy Chief Ronnie Price, continued to state that even if Defendant Carroll had known of the

negative results of Plaintiff Ebner's blood test at the time she was arrested, nonetheless there would have been probable cause for her arrest.

**ANSWER:** Defendants admit an internal investigation was conducted as a result of Ebner's complaint and the results of the investigation speak for itself. Defendants deny all other allegations contained in Paragraph 54.

54.

**ALLEGATION:** Cobb County Police Department's officially promulgated policies or unofficial customs or practices have caused or contributed to these violations. Such customs include recklessly bestowing "Drug Recognition Expert" status to officers without proper training and oversight on when to conduct the 12-Step DRE Protocol and how to conduct it.

**ANSWER:** Defendants deny the allegations contained in Paragraph 55.

56.

**ALLEGATION:** The Cobb County Police Department has a custom or practice of recklessly allowing officers artificially knighted with "Drug Recognition Expert" status to falsely believe that they have a special and unique ability to detect marijuana use, and their confirmation bias primes officers to see marijuana use where it does not exist. In other words, the way that Cobb County Police Officers such as Defendant Carroll are taught to and do administer their testing for the

detection of impairment by drugs is designed to make innocent behavior appear incriminating and to make exculpatory behavior appear irrelevant.

**ANSWER:** Defendants deny the allegations contained in Paragraph 56.

57.

**ALLEGATION:** For example, on the Cobb County Police Department-created Driver Impairment form, which was completed for each of the Plaintiffs, there are ample opportunities for officers to check boxes corresponding to a variety of supposedly inculpatory eye conditions (i.e. bloodshot, watery, glassy, dilated, constricted) but no means to easily indicate and document that the subject's eyes are normal.

**ANSWER:** Defendants deny the allegations contained in Paragraph 57.

58.

**ALLEGATION:** The police department also appears to have a custom or practice of recklessly using these bad DUI arrests as an end-run to intimidate arrestees into agreeing to have their blood drawn without obtaining a warrant: in effect, creating a regime of randomized, warrantless blood testing imposed on many innocent drivers, nearly all of whom have failed to maintain lane at some point in their lives. Making matters worse, the Cobb County Police Department recklessly incentivizes officers to maximize the number of DUI arrests regardless of whether

those arrests were proper or lead to convictions and recklessly disregarding the impact that their officers' actions may have on innocent people.

**ANSWER:** Defendants deny the allegations contained in Paragraph 58.

59.

**ALLEGATION:**  The police department has also uncritically embraced the DRE training and protocol which itself is deeply flawed. Among other flaws, the DRE Protocol requires police officers to perform a medical exam, e.g., checking for unusual pulse, eye nystagmus, and muscle tone and identifying whether those are caused by drug use or any number of innocent medical explanations, when their officers lack relevant medical training.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 59.

60.

**ALLEGATION:**  Much of the DRE Protocol has never been rigorously and independently validated.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 60.

61.

**ALLEGATION:**  The Fourth Amendment does not give the police a blank check to employ any means necessary to root out all crimes, anytime, anywhere— especially when there is no public safety issue involved. In a battle between the

Fourth Amendment's protection against unreasonable searches and seizures and the government's zealous desire to aggressively root out all crime even if innocent people suffer collateral damage in the process, the Fourth Amendment always wins.

**ANSWER:**  Defendants aver the Fourth Amendment speaks for itself. Defendants deny any other allegations contained in Paragraph 61.

### Causes of Action

### <u>COUNT ONE</u>

*Unlawful Seizure under 42 U.S.C. § 1983 by Plaintiffs Ebner, Mbamara and Penwell*

62.

**ALLEGATION:**  After pulling over Plaintiffs Ebner, Mbamara and Penwell for failure to maintain lane, there was no justifiable basis, or arguable justifiable basis, to prolong their detention by performing a field sobriety test by the side of the road.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 62.

63.

**ALLEGATION:**  Based on the information known to Defendant Carroll at the time of the seizure of Plaintiffs, no reasonable officer could have believed that there was a justifiable basis to perform a field sobriety test.

**ANSWER:** Defendants deny the allegations contained in Paragraph 63.

64.

**ALLEGATION:** The illegal seizure of Plaintiffs Ebner, Mbamara and Penwell was the proximate cause of Defendant Carroll's decision to arrest them.

**ANSWER:** Defendants deny the allegations contained in Paragraph 64.

65.

**ALLEGATION:** For the reasons given above, Defendant Carroll's violation was also caused, in whole or in part, by the Cobb County Police Department's official and/or unofficial policies, customs, or practices.

**ANSWER:** Defendants deny the allegations contained in Paragraph 65.

## **COUNT TWO**

*False Arrest under 42 U.S.C. § 1983 by all Plaintiffs*

66.

**ALLEGATION:** In arresting Plaintiffs and failing to properly perform the DRE Protocol, Defendant Carroll falsely accused them of committing the offenses of driving under the influence of marijuana, and placed them under detention for 9 to 12 hours without probable cause.

**ANSWER:** Defendants deny the allegations contained in Paragraph 66.

67.

**ALLEGATION:**  In addition, no reasonable officer in Defendant Carroll's position could have believed that probable cause existed to arrest Plaintiffs.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 67.

68.

**ALLEGATION:**  In addition, the DRE Protocol is itself riddled with flaws, based on discredited studies, and irresponsibly entrusts police officers with performing essentially medical or scientific tests.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 68.

69.

**ALLEGATION:**  For the reasons given above, Defendant Carroll's violation was also caused, in whole or in part, by the Cobb County Police Department's official and/or unofficial policies, customs, or practices.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 69.

## <u>COUNT THREE</u>

*Unlawful Search and Seizure under 42 U.S.C. § 1983 by all Plaintiffs*

70.

**ALLEGATION:**  After Plaintiffs were falsely arrested, they were confused, intimidated, and distressed, and each of them reasonably felt compelled to submit to

an invasive blood draw so that they may be released as quickly as possible.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 70.

71.

**ALLEGATION:**  In addition, no reasonable officer in Defendant Carroll's position could have believed that their "consent" to an invasive blood draw was actually voluntary.

**ANSWER:** Defendants deny the allegations contained in Paragraph 71.

72.

**ALLEGATION:**  For the reasons given above, Defendant Carroll's violation was also caused, in whole or in part, by the Cobb County Police Department's official and/or unofficial policies, customs, or practices.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 72.

## **COUNT FOUR**

*Malicious Prosecution under 42 U.S.C. § 1983 by all Plaintiffs*

73.

**ALLEGATION:** Plaintiffs' criminal prosecutions were initiated by Defendants via a series of Uniform Traffic Citation, Summons, and Accusation forms issued by Officer Carroll.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 73.

74.

**ALLEGATION:**  Plaintiffs were detained pursuant to this initiation of legal process, suffering the loss of liberty.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 74.

75.

**ALLEGATION:**  Plaintiffs further had their blood seized and searched pursuant to initiated legal process.

**ANSWER:** Defendants deny the allegations contained in Paragraph 75.

76.

**ALLEGATION:**  Plaintiffs' criminal prosecutions were made without probable cause or arguable probable cause.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 76.

77.

**ALLEGATION:**  Such prosecutions terminated in Plaintiffs' favor when the Cobb County prosecutors dropped their DUI charges and submitted motions to enter nolle prosequi.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 77.

78.

**ALLEGATION:**  The dismissals of Plaintiffs' DUI charges are consistent with their innocence of these charges.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 78.

79.

**ALLEGATION:**  As a result of their prosecutions, Plaintiffs suffered the loss of liberty, extensive monetary losses, reputational damages, humiliation, and emotional distress.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 79.

80.

**ALLEGATION:**  In addition, for the reasons stated above, these violations were caused, in whole or in part, by the Cobb County Police Department's official and/or unofficial policies, customs, or practices.

**ANSWER:**  Defendants deny the allegations contained in Paragraph 80.

## **GENERAL DENIAL**

All allegations of the Complaint not specifically referred to herein are denied. Defendants further deny that Plaintiff is entitled to any relief sought in his Complaint.

34

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all issues triable by jury.

WHEREFORE, Defendants demand that the Complaint be dismissed, judgment be entered in Defendants' favor, all costs be cast upon Plaintiff, and that Defendants have such other and further relief as this Court deems appropriate.

Respectfully submitted this 30th day of November, 2017.

## CERTIFICATE OF TYPE STYLE

This document was prepared using Times New Roman 14 point font.

This 30th day of November, 2017.

> COBB COUNTY ATTORNEY'S OFFICE
> Attorneys for Defendants
>
> By:   */s/Eddie Snelling, Jr.*
>     EDDIE SNELLING
>     Senior Associate County Attorney
>     State Bar No. 665725
>     H. WILLIAM ROWLING, JR.
>     Assistant County Attorney
>     State Bar No.  617225
>     DEBORAH L. DANCE
>     County Attorney
>     State Bar No.  203765

100 Cherokee Street, Suite 350
Marietta, GA  30090
770-528-4000 (phone)
770-528-4010 (facsimile)

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

KATELYN EBNER, PRINCESS          )
MBAMARA, AYOKUNLE                )
ORIYOMI and BRITTANY             )
PENWELL,                         )
                                 )
        Plaintiffs,              )       CIVIL ACTION NO.
                                 )       1:17-cv-03722-WSD
v.                               )
                                 )
COBB COUNTY, through its         )
instrumentality the COBB COUNTY  )
POLICE DEPARMTENT; and           )
OFFICER TRACY CARROLL a.k.a.     )
"T.T." CARROLL, in his individual )
capacity,                        )
                                 )
        Defendants.              )
_____  )

**CERTIFICATE OF SERVICE**

It is hereby certified that I have this day electronically filed with the Clerk and

served a true and correct copy of Defendants' Answer to the Complaint by using the

CM/ECF system which will automatically send e-mail notification of such filing to

the following attorney of record:

Sean J. Young                                       Zack Greenamyre
Aklima Khondoker                                    MITCHELL & SHAPIRO LLP
American Civil Liberties Union                      3490 Piedmont Road
Foundation of Georgia, Inc.                         Suite 650
P.O. Box 77208                                      Atlanta, GA  30305
Atlanta, GA  30357

This 30th day of November, 2017.

                                    COBB COUNTY ATTORNEY'S OFFICE
                                    Attorneys for Defendants

                           By:     */s/Eddie Snelling, Jr.*_____
                                    EDDIE SNELLING, JR.
                                    Senior Associate County Attorney
                                    State Bar No. 664725

100 Cherokee Street, Suite 350
Marietta, GA 30090
770-528-4000 (phone)
770-528-4010 (facsimile